IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:26-CT-3039-FL

| | | |
|---|---|---|
| JEREMY AUSTIN SMITH,<br><br>Plaintiff,<br><br>v.<br><br>DOMINIQUE H. SHERMAN, JOSHUA BARNES, NATHANIAL GREENE, SRG CORRECTIONAL OFFICER HEATH, CORRECTIONAL SERGEANT COWAN, CORRECTIONAL OFFICER BOWDEN, CORRECTIONAL OFFICER JOYNER, LESLEA M. DUDLEY, CORRECTIONAL SERGEANT ADAMS, GREENE COUNTY, STATE OF NORTH CAROLINA, LOGAN K. MCNINCH, and DOCTOR VASQUEZ,<br><br>Defendants. | ) | ORDER<br>(Amended)[1] |

Plaintiff, a state inmate proceeding pro se, commenced this action by filing complaint February 12, 2026, asserting claims for violations of his civil rights under 42 U.S.C. § 1983, along with several claims arising under North Carolina state law. This matter is before the court for initial review of the complaint under 28 U.S.C. § 1915A. Also before the court is plaintiff's motion to amend complaint (DE 6).

[1] The court amends the August 31, 2026, order (DE 9) herein as follows. Defendant Greene County inadvertently was listed as an active defendant in the conclusion section of the August 31 order. As stated on pages 8 and 9 of the August 31 order, the claims against defendant Greene County were dismissed pursuant to 28 U.S.C. § 1915A, and the court is issuing this revised order to reflect that dismissal in the conclusion section.

## COURT'S DISCUSSION

The court grants plaintiff's first motion to amend complaint as a matter of course. Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend a pleading] when justice so requires."). Hereinafter, all references to "compl." or "complaint" are to plaintiff's operative amended complaint filed June 15, 2026. (DE 6).

Section 1915A provides that courts shall review complaints filed by prisoners seeking relief from a governmental entity, officer, or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim on which relief may be granted, or if the inmate seeks monetary relief against a defendant who is immune from such relief. Id. § 1915A(b)(1)–(2). To state a claim on which relief may be granted, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

In addition, pro se pleadings should be "liberally construed" and they are "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89,

94 (2007); Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). Erickson, however, does not undermine the "requirement that a pleading contain more than labels and conclusions." Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quotation omitted).

Here, plaintiff alleges defendants violated his rights under the First and Eighth Amendments to the North Carolina and United States Constitutions. Plaintiff also alleges defendants committed "[t]orts of intentional infliction of emotional & mental distress, failure to protect, & assault & battery under the laws of North Carolina." (Compl. (DE 6) at 8). Plaintiff seeks the following relief:

> A declaratory judgment that the acts & omissions describe[d] herein violated Plaintiff's rights under the Constitution and laws of the United States & North Carolina; United States Title Code 18 chapter 13, sections 241 & 242. Compensatory damages in the amount of $1,000,000.00 against each defendant, jointly & severally. Punitive damages in the amount of more than $25,000.00 against each defendant. Nominal damages against each defendant. A[n] injunction ordering prison officials &/or staff/medical staff to do an M.R.I. on Plaintiff as well as proper medical treatment for Plaintiff's shoulder & back & feet, uses & implement[ation] of advance[d] smart body cameras on all prison uniforms on at all times of prison officials & staff. A jury trial on all issues triable by jury & any additional relief this Court deems just, proper, & equitable.

(Id. at 11).

The facts in plaintiff's complaint may be summarized as follows. Plaintiff is a state inmate at Marion Correctional Institution ("Marion"). (Id. at 2). In March 2025 plaintiff was an inmate at Maury Correctional Institution ("Maury"), (id. at 10.), and plaintiff filed a grievance against defendant Correctional Sergeant Adams because plaintiff believed Adams "had put a bounty (hit) on" plaintiff after plaintiff assaulted Adams in March 2024. (Id. at 8). Plaintiff believed Adams was working through his supervisor defendant Dominique H. Sherman. (Id.). On March 18, 2025, Correctional Officer Strickland pulled plaintiff out of his cell and took plaintiff to meet

Sherman and defendant Sergeant Logan McNinch in McNinch's office. (Id.). Once there, Sherman threatened plaintiff about the grievance plaintiff filed about Adams and told plaintiff that if plaintiff did not cancel the grievance, Sherman "was going to have the Maury C.I. P.E.R.T. team come & beat my ass." (Id.).

On April 3, 2025, Sherman and defendants Joshua Barnes, Leslea M. Dudley, Nathanial Greene, Correctional Sergeant Cowan, and Correctional Officers Heath, Joyner, and Bowden, along with other members of "Maury C.I. P.E.R.T. unit" came to plaintiff's cell, strip searched plaintiff, put him in handcuffs behind his back, and "brutally assault[ed]" plaintiff inside his cell. (Id. at 8–9). As plaintiff describes it:

> While in handcuffs unable to defend myself they all grabbed me by my neck, threw me on the floor where they punched me in my back, stomped me on my legs & feet. I started to immediately scream for help, but the remaining officers just stood around & watched. [Defendant] Sherman stated to me that any grievance I submit will result in the same outcome & if I go back to general population, I better get them before they get me.

(Id. at 9).

During this time, defendant Dudley, "who was head superior of everyone" present, "failed to stay & supervise[] her officers & just left." (Id. at 8). The defendants who assaulted plaintiff on April 3, 2025, tried to justify their reason for using force on plaintiff by filing a false write-up stating plaintiff disobeyed a direct order. (Id. at 10). Plaintiff's grievance was thereafter "dismissed for lack of supporting evidence." (Id.; see DE 6–7). Plaintiff alleges defendants' reason for using force on him was "to cause [him] harm & to punish[ him]" for filing grievances on prison officials at Maury. (DE 6 at 10).

Plaintiff alleges defendants Greene County and State of North Carolina are deliberately indifferent to ongoing excessive force and torture by correctional officers at Maury. (Id. at 9).

Plaintiff also alleges these defendants are understaffing correctional institutions, including Maury, causing leadership to allow defendants to permit use of excessive force as plaintiff alleges here. (Id.). Plaintiff further alleges defendant McNinch failed to report Sherman's threats to plaintiff made March 18, 2025, which could have prevented the assault on plaintiff. (Id. at 10). Plaintiff was eventually transferred to Marion, where defendant Doctor Vasquez ignored plaintiff's ongoing pain and requests for an M.R.I. or further testing. (Id.). The court proceeds through each of plaintiff's claims.

A. Section 1983 Claims

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); Phillips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). A § 1983 plaintiff also must allege the defendants were personally involved in the alleged deprivation of his constitutional rights. See Iqbal, 556 U.S. at 676; Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691–92 (1978).

The First Amendment includes the right to "petition the Government for a redress of grievances." U.S. Const. amend. I. This clause "protects the right of individuals to appeal to courts and other forums established by the government for resolution of legal disputes." Borough of Duryea, Pa. v. Guarnieri, 564 U.S. 379, 387 (2011). To state a viable claim under the First Amendment, a plaintiff must show: 1) he engaged in protected First Amendment activity; 2) defendants took action that adversely affected his First Amendment rights; and 3) there was a causal relationship between his protected activity and defendants' conduct. Martin v. Duffy, 858

F.3d 239, 249 (4th Cir. 2017); Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 499 (4th Cir. 2005).

The Eighth Amendment guarantees inmates the right to be free from "cruel and unusual punishments." U.S. Const. amend. VIII. But "[t]he Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." Hudson v. McMillian, 503 U.S. 1, 9–10 (1992) (cleaned up). Rather, the Eighth Amendment prohibits the "unnecessary and wanton infliction of pain" on incarcerated individuals. Whitley v. Albers, 475 U.S. 312, 319 (1986).

The excessive force inquiry has an objective prong and a subjective prong. Under the objective prong, the inmate must establish that the force used was "nontrivial" or more than "de minimis." Wilkins v. Gaddy, 559 U.S. 34, 39 (2010) (per curiam); Hudson, 503 U.S. at 10. To satisfy the subjective prong, the inmate must show a prison official acted with a "sufficiently culpable state of mind." Wilson v. Seiter, 501 U.S. 294, 297 (1991). Here, the inquiry is whether the force was applied "in a good faith effort to maintain or restore discipline," or "maliciously" and "for the very purpose of causing harm." Whitley, 475 U.S. at 320–21; Brooks v. Johnson, 924 F.3d 104, 113 (4th Cir. 2019).

The court also interprets plaintiff's allegations as a claim for deliberate indifference under the Eighth Amendment. "[D]eliberate indifference to an inmate's serious medical needs constitutes cruel and unusual punishment under the Eighth Amendment." Jackson v. Lightsey, 775 F.3d 170, 178 (4th Cir. 2014). To state a claim for deliberate indifference to serious medical needs, a plaintiff must allege that he is suffering from a serious medical need, and that prison

officials knew of and disregarded that condition. Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008); see also Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Plaintiff also seeks to hold certain defendants liable based upon bystander liability and supervisor liability. "Bystander liability is premised on an officer's "affirmative duty to intervene to protect the constitutional rights of citizens from infringement by other law enforcement officers." Johnson v. Robinette, 105 F.4th 99, 123 (4th Cir. 2024). "An officer may be liable under a § 1983 theory of bystander liability if he: 1) knows that a fellow officer is violating an individual's constitutional rights; 2) has a reasonable opportunity to prevent the harm; and 3) chooses not to act." Simmons v. Whitaker, 106 F.4th 379, 384 (4th Cir. 2024) (citation and quotation marks omitted). To state a claim for supervisory liability, plaintiff must show:

> 1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; 2) that the supervisor's response to that knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and 3) that there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994) (cleaned up).

At this preliminary stage, and broadly construing plaintiffs' allegations, the court will allow plaintiff's § 1983 claims to proceed. See Shaw v. Foreman, 59 F.4th 121, 127–28 (4th Cir. 2023) (emphasizing importance of broadly construing pro se inmate's claim especially on initial review under 28 U.S.C. § 1915A). Specifically, plaintiff sufficiently states First Amendment and Eighth Amendment claims against defendants Sherman, Barnes, Greene, Heath, Cowan, Bowden, Joyner, and Dudley where plaintiff alleges these officers put him in handcuffs behind his back and "brutally assault[ed]" him "to cause [him] harm & to punish[ him]" for filing grievances on prison

officials at Maury. (DE 6 at 8–10). These claims further extend to defendants Adams and McNinch where plaintiff alleges Adams "put a bounty" on plaintiff and McNinch failed to report Sherman's threats which could have prevented harm to plaintiff. (Id.). As to defendant Doctor Vasquez, plaintiff alleges facts sufficient to state a claim for deliberate indifference to plaintiff's medical needs under the Eighth Amendment. (Id. at 10).

With respect to plaintiff's claims pursuant § 1983 against defendant State of North Carolina these claims must be dismissed where such the state is not "a person acting under color of state law," West, 487 U.S. at 48. Moreover, such claims are barred under the Eleventh Amendment. Regents of the Univ. of Cal. v. Doe, 519 U.S. 425, 429 (1997); Cromer v. Brown, 88 F.3d 1315, 1332 (4th Cir. 1996). And although defendant Greene County qualifies as a "person" for purposes of § 1983, the county is not responsible for the actions of state employees at a state correctional facility. Accordingly, the claims against these defendants are dismissed.

B. State Law Claims

Plaintiff asserts claims against defendants for "[t]orts of intentional infliction of emotional & mental distress, failure to protect, & assault & battery under the laws of North Carolina." (DE 6 at 8). In this procedural posture, and construing plaintiff's allegations broadly, plaintiff sufficiently states claims for assault, battery, and intentional infliction of emotional distress against individual defendants Sherman, Barnes, Greene, Heath, Cowan, Bowden, Joyner, Dudley, and Adams. (DE 6 at 8–10); see Rowland v. Perry, 41 F.3d 167, 174 (4th Cir. 1994) ("The parallel [North Carolina] state law claim of assault and battery is subsumed within the federal excessive force claim and so goes forward as well."); Turner v. Thomas, 369 N.C. 419, 427 (2016) (cleaned up) (listing intentional infliction of emotional distress elements). However, plaintiff does not

allege sufficient facts to state these claims as to defendants McNinch and Doctor Vasquez. With respect to defendant North Carolina has not waived its sovereign immunity as to the claims asserted in this action. See Stewart v. North Carolina, 393 F.3d 484 (4th Cir. 2025). And as explained above, Greene County is not responsible for the actions of state correction officials. Accordingly, plaintiff's claims for assault, battery, and intentional infliction of emotional distress against defendants McNinch, Doctor Vasquez, Greene County, and State of North Carolina must be dismissed.

## CONCLUSION

Based on the foregoing, plaintiff's motion to amend complaint is GRANTED (DE 6). After reviewing the first amended complaint under 28 U.S.C. § 1915A, the following claims are ALLOWED to proceed:

1. Excessive force and related state-law claims for assault and battery against defendants Sherman, Barnes, Greene, Heath, Cowan, Bowden, Joyner, Dudley, and Adams;
2. Deliberate indifference against defendants Sherman, Barnes, Greene, Heath, Cowan, Bowden, Joyner, Dudley, Adams, McNinch, and Doctor Vasquez;
3. Retaliation in connection with protected First Amendment activity against defendants Sherman, Barnes, Greene, Heath, Cowan, Bowden, Joyner, Dudley, Adams, and McNinch;
4. Intentional infliction of emotional distress against defendants Sherman, Barnes, Greene, Heath, Cowan, Bowden, Joyner, Dudley, and Adams;
5. All remaining claims and defendants in the second amended complaint are DISMISSED under 28 U.S.C. § 1915A.

The clerk is DIRECTED to modify the docket caption to correspond to the parties set forth in the caption of this order. The clerk is DIRECTED to proceed in accordance with Standing Order 14-SO-02, which governs service of process in this context. In the event it becomes necessary, the court DIRECTS the United States Marshals Service to proceed with service of process under 28 U.S.C. § 1915(d).

SO ORDERED, this the 2nd day of September, 2026.

LOUISE W. FLANAGAN
United States District Judge